United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30664
Summary Calendar

_____

ARTHUR COPES, ORTHOTIST, INC.,

Plaintiff-Appellant,

versus

AMERICAN CENTRAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
Civil Docket No. 01-CV-128-A
_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Arthur Copes, Orthotist, Inc. ("Plaintiff") appeals the
district court's grant of summary judgment in favor of defendant
American Central Insurance Company. The instant appeal revolves
around a dispute over insurance coverage for the named plaintiff.

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because we agree that the insurance policy did not cover all operations conducted at the insured premises, we affirm.

Arthur Copes, Ph.D., currently operates various corporate entities for the treatment of scoliosis patients. In 1998, Copes took out an insurance policy with American Central which named "Dr. Arthur Copes Office," a corporation, as the named insured. Eventually, the policy insured the premises at 8108 Picardy Avenue, Baton Rouge, Louisiana, which the policy's declarations page described as a doctor's office. In February 2000, a fire at the insured premises caused property damage and a temporary suspension of business operations. Pursuant to its policy, American Central paid the insured, Dr. Arthur Copes Office, sums relating to property damage, business losses and increased expenses related to the interruption of patient treatments through the office. However, American Central refused to make additional payments and the instant suit followed.

American Central moved for summary judgment on two grounds: (1) the plaintiff, Arthur Copes, Orthotist, Inc., was not the named insured on the policy, and (2) the plaintiff sought payment for business operations beyond the terms of the policy. The district court granted summary judgment in favor of American Central, finding that Arthur Copes, Orthotist, Inc. had no insurable interest in the policy and that the policy's terms did not extend to business activities beyond those regularly occurring in a doctor's office.

2

We review a district court's grant of summary judgment de novo. Principal Health Care of La., Inc. v. Lewer Agency, Inc., 38 F.3d 240, 242 (5th Cir. 1994). Summary judgment is only proper if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits indicate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because the interpretation of an insurance policy is a question of law, we review the district court's determination de novo. Principal Health Care, 38 F.3d at 242.

It is undisputed that when applying for the American Central policy, the plaintiff provided the agent with a former policy listing "Dr. Arthur Copes Office" as the named insured. The plaintiff argues that no legal entity called "Dr. Arthur Copes Office, Inc." ever existed. However, the plaintiff does not dispute that the checking account for the office was drawn in the name of "Dr. Arthur Copes, Inc." In addition, Copes controlled various corporate entities other than "Arthur Copes, Orthotist, Inc.," including Copes Clinics, Inc., Copes Enterprises, Inc., Copes Foundation, Copes Laboratories, Inc., and STRS (Scoliosis Treatment Recovery System) and STRC (Scoliosis Treatment Recovery Centers). Each corporate entity listed 8108 Picardy Avenue as its mailing address.

3

The plaintiff admits that three distinct business activities take place on the Picardy Avenue premises: (1) treatment of scoliosis patients, (2) manufacturing and production of custom scoliosis braces for in-state and out-of-state patients, and (3) physician training, or a residency program, to prepare doctors to open satellite clinics outside of Louisiana. Indeed, at the time the fire occurred, Dr. Copes' entities included a Tampa office, a San Diego office, and a Houston office. However, the Baton Rouge office was the "hub" of the operation and all income was directed to that office. At the time the American Central policy was executed, neither the company nor its agent was aware of the multiple corporate entities or business activities taking place at the insured location.

An insurance policy is a contract and is subject to the general rules of contract interpretation. Clements v. Folse ex rel. Succession of Clements, 830 So.2d 307, 312 (La. Ct. App. 2002). Courts must endeavor to discern the common intent of the insurer and insured. Id. To this end, courts must look to the words of the insurance contract and infuse them with their generally prevailing meaning. Id. The insurance contract must be enforced as written when the words are clear and explicit and lead to no absurd results. Id.

The insurance policy at issue here covers the actual loss of business income due to the necessary suspension of the insured's "operations." In addition, "operations" is defined by the policy

4

as "business activities occurring at the described premises." The policy's declarations page describes the insured premises as a doctor's office. The generally prevailing meaning of "doctor's office" includes neither prosthetic manufacturing facilities for patients not treated at the office nor residency training programs. In addition, to the extent that the covered premises served as a hub for out-of-state operations, that lost income would not be covered by the policy's plain terms.[1] Thus, the only business losses to which the plaintiff is entitled flow from the necessary suspension of the treatment of scoliosis patients at the Baton Rouge location. The plaintiff has already received compensation for such loss.[2]

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[1]The only relevant physical location covered by the policy is 8108 Picardy Avenue in Baton Rouge.

[2]The district court also held that, because Arthur Copes, Orthotist, Inc. was not the named insured on the policy, the plaintiff could not recover under the policy. We do not reach this issue because we resolve the case on the policy interpretation ground. It is likely, however, that, to expand the policy's coverage to include the myriad business interests of Arthur Copes, doing business as Arthur Copes, Orthotist, Inc., would be to assign to the defendant risks it did not initially foresee when issuing the policy to a doctor's office. This result is untenable. See, e.g., Bonadona v. Guccione, 362 So.2d 740 (La. 1978) (noting that an insurance policy may not be reformed when the risks assumed would be substantially greater or different in nature).

5